IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 1:04-cr-00006-MP-AK

TIMOTHY WIMS,

    Defendant.
_____/

**O R D E R**

This matter is before the Court on Doc. 443, Motion to Dismiss and Request for Kastigar Hearing, filed by Timothy Wims. The government has responded, at doc. 444, and defendant filed a supplemental motion at 471. A two-part hearing was held on May 2, 2005 and May 5, 2005. See docs. 473, 477. For the reasons given below, the defendant's motions are denied in their entirety.

On September 13, 2003, in Miami, Florida, Defendant was shot twice in the back of the head by an associate of his half-brother, Derek Johnson. Defendant was left for dead in a ditch, after being dumped out of the vehicle in which he was a passenger. Derek Johnson was arrested soon thereafter and charged with the attempted murder of Defendant. Defendant survived the attack, and was later a witness at two proceedings in Dade County Case Number F03-26562A, State of Florida v. Derek Johnson: An Arthur hearing conducted March 24, 2004 and a trial, Defendant's portion of which took place on August 24, 2004.

According to the defendant's motion to dismiss, in both instances the defendant's testimony implicated him in the conspiracy charged in the instant case. The defendant introduced various correspondence from Mr. Johnson's attorney and from the court reporter

showing that a copy of the Arthur hearing transcript had been sent to the federal prosecutor on May 19, 2004. Six days later, the defendant was indicted by the federal grand jury.

Arguing that the government used defendant's immunized testimony to obtain the indictment (and that the government plans to use evidence at trial derived from such testimony), the defendant moves the Court to (1) dismiss the indictment; (2) prohibit the United States from entering Defendant's immunized testimony into evidence or otherwise using Defendant's immunized testimony at trial; and (3) exclude from the proceedings any evidence derived from Defendants' immunized testimony. The government responds that the defendant voluntarily testified at both the Arthur hearing and the trial and therefore was not compelled to testify. Therefore, no immunity covered the testimony, the government argues, and it can be freely used against the defendant.

In Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972), the Supreme Court held that if a person was compelled to give testimony by a grant of immunity, the prosecution is prohibited from "using the compelled testimony in any respect" that would "lead to the infliction of criminal penalties on the witness." Kastigar, 406 U.S. at 453. In United States v. Schmidgall, 25 F.3d 1523 (11th Cir. 1994), the Eleventh Circuit interpreted Kastigar to require a two-stage, burden-shifting analysis. First, the defendant bears the burden of showing that he has previously testified under immunity. If the defendant does so, then the burden shifts to the government to show -- piece by piece - that each piece of the evidence used to indict the defendant or to be used against the defendant at trial was derived from a source independent of the immunized testimony.

In the instant case, the defendant seeks to satisfy his burden by relying upon the automatic

immunity provisions of Section 914.04, Florida Statutes.  Section 914.04 states

> No person who has been duly served with a subpoena or subpoena duces tecum shall be excused from attending and testifying or producing any book, paper, or other document before any court having felony trial jurisdiction, grand jury, or state attorney upon investigation, proceeding, or trial for a violation of any of the criminal statutes of this state upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of the person may tend to convict him or her of a crime or to subject him or her to a penalty or forfeiture, but no testimony so given or evidence so produced shall be received against the person upon any criminal investigation or proceeding. Such testimony or evidence, however, may be received against the person upon any criminal investigation or proceeding for perjury committed while giving such testimony or producing such evidence or for any perjury subsequently committed.

The key to this provision is whether defendant was "duly served with a subpoena or subpoena duces tecum" so as to trigger the immunity provisions of Fla. Stat. § 914.04.  For the reasons given below, the Court finds that defendant has not met his burden in this regard.

First, the biggest hurdle faced by Defendant is that he has not been able to locate actual paper copies of the subpoenas pertaining to the hearing and trial.  Also, although he was able to produce subpoenas dated April 19, 2004, for trials in the cases of Derek Johnson and Metosha Godwins set for the week of May 17, 2004 the subpoenas were marked "Standby" and indicated that a new notice would be issued if the trials were continued.  The trials were continued, and there is no record of new subpoenas being issued.

One other argument should be rejected at this time.  In order to obtain the presence of the defendant in state court, the state attorney obtained a state writ of habeas corpus ad testificandum for the defendant and an order from the undersigned directing federal authorities to honor the state writ.  The defendant argues that this writ compelled the defendant to testify and therefore triggered the immunity from section 914.04.  The language of the writ, however, specifically

binds only the state and federal authorities and contains no compulsory language addressed to the defendant testifying.  No court has specifically held that such a writ is the same as a subpoena with regard to section 914.04 or otherwise.  Therefore, the Court concludes that a writ of habeas corpus ad testificandum does not, by itself, trigger section 914.04.

The evidence entered at the hearing on this case supports the conclusion that no paper subpoenas exist because none were ever issued.  For example, the state attorney who prosecuted the state murder trial and called defendant as a witness later testified at the May 2, 2005 hearing as follows:

> I spoke to my victim witness coordinator, the person who was responsible for obtaining his presence for the hearing, and she has indicated that she does not recall having a subpoena issued and that she had spoken to him and advised him orally to appear for the hearing and her notes reflect that he did in fact do that.

Also, the state attorney testified that it would be unlikely for him to have issued a subpoena in this case, because Mr. Wims was then residing out of state.  The state attorney stated,

> An out-of-state subpoena would have no force or effect.  You would have to approach it from a different angle there's other ways to get people from out-of-state in.  But subpoenaing them, there's no legal recourse if they don't show up to the extent that our jurisdiction only extends to the service border of the State of Florida.

Additionally, the state attorney and the victim coordinator testified that even if paper copies of the subpoenas had been destroyed, there would still be computer records that the subpoenas had been issued.  After a search, no such computer records were found.

Moreover, defendant's former counsel testified, after defendant waived attorney client privilege for the purpose of this hearing, that he did not remember a subpoena being issued.  He also testified that defendant, who was cooperating with authorities at the time, testified

voluntarily in the state attempted murder trial where he was the victim.  Also, the record of the state proceeding contains a colloquy in which the state prosecutor warned the defendant that his statements could later be used against him, and defendant decided to testify anyway.  The state attorney asked these questions:

> Q. Okay. And are you aware and were you advised that even your testimony that you give her today can be used against you in your federal trial that is coming up next month? . . .
>
> Q. Okay. And did your attorney in your federal case indicate to you that you didn't have to testify today in this case if you didn't want to? . . .
>
> Q. Even though you know that this information could be used next month in a trial against you?

Defendant answered each question in the affirmative and then proceeded to testify.

For all of the above reasons, the Court concludes that the defendant has not met his burden of proving that his testimony in the <u>Arthur</u> hearing or his testimony at the trial was compelled.  Instead, all of the testimony and evidence reveals that defendant voluntarily testified in the state attempted murder trial in which he was the victim.  Thus, the immunity from section 914.04 does not arise, and the protections of <u>Kastigar</u> are not triggered.   Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The motions to dismiss, at doc. 443 and 471, are denied in their entirety.

**DONE AND ORDERED** this __2nd__ day of June, 2005

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge
